AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Ben Westin<br>*Defendant* | )<br>)<br>)  Case No.  4:19-cr-264<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
  **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
  **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
See Attachment A.

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED this 14th day of November, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT "A"

Defendant Ben Westin is charged by Indictment with a violation of Titles 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2—Possession with the Intent to Distribute and Distribution of Controlled Substances Resulting in Death and Aiding and Abetting (Count 1); a violation of Title 21 U.S.C. § 846—Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (Count 2); a violation of Titles 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2—Possession with the Intent to Distribute and Distribution of Controlled Substances and Aiding and Abetting (Count 5); and a violation of Title 18 U.S.C. § 924(c)—Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 6). Per the Indictment, Count 1 carries a term of imprisonment of not less than twenty (20) years and not more than life; a fine of not more than $5,000,000, or both; a term of supervised release of at least five (5) years; and a special assessment of $100. Count 2 carries a term of imprisonment of not more than twenty (20) years; a fine of not more than $1,000,000, or both; a term of supervised release of at least three (3) years; and a special assessment of $100. Count 5 carries a term of imprisonment not more than twenty (20) years; a fine of not more than $1,000,000, or both; a term of supervised release of at least three (3) years; and a special assessment of $100. Count 6 carries a term of imprisonment of not less than five (5) years and not more than life, which imprisonment must be consecutive to any other sentence imposed for the drug trafficking crime during which the firearm was possessed; a fine of not more than $250,000, or both; a term of supervised release of not more than three (3) years; and a special assessment of $100. The Government has sought to detain Defendant under Title 18 U.S.C. §§ 3142(f)(1) and 3142(f)(2). On November 6, 2019, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with 18 U.S.C. § 3142(f). Assistant United States Attorney Jay R. Combs appeared on behalf of the Government. Defense counsel John Wilson appeared on behalf of Defendant. The Parties concurred the presumption is applicable to this case.

The Court has considered the presumption arising under Title 18 U.S.C. §3142(e), as well as the testimony and evidence presented at the detention hearing (including the testimony of Task Force Officer David Roach, Dallas Police Department), and the Pretrial Services Report, in light of all the factors listed in 18 U.S.C. § 3142(g)—including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, Defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community.

**EVIDENCE PRESENTED:**

**The Government's Evidence Shows Defendant is a Danger to the Community and a Flight Risk.**

The Government offered testimony from Task Force Officer David Roach with the Dallas Police Department. TFO Roach is employed as a Detective with the Dallas Police Department , and he is currently assigned to the Drug Enforcement Agency. The Court found TFO Roach's testimony to be credible. TFO Roach testified to the following:

TFO Roach was contacted in January 2019 for assistance in the investigation of a fatal overdose that occurred in Fairview, Texas. During the course of the investigation, Defendant was identified as a "retail distributor" of narcotics for the Bussell DTO in the Dallas-Fort Worth area

and Oklahoma. TFO Roach advised that Defendant was involved in numerous drug transactions (including specifically of Oxycodone and Alprazolam) and estimated Defendant participated in drug transactions on a daily basis. Many of the narcotics distributed by Defendant were counterfeit pills, and purchasers would have been unaware of the actual contents of the pills. TFO Roach testified the counterfeit pills looked identical to legitimate pharmaceuticals and were packaged similarly as well. TFO Roach testified that Defendant supplied the narcotics to the victim resulting in the overdose death in a hand-to-hand transaction. TFO Roach advised that Defendant continued selling narcotics to customers after the overdose death even though Defendant knew the narcotics resulted in the victim's death. In addition, Defendant communicated with co-defendant Dockery, who was employed with the Plano Police Department, via text and telephone, in an effort to determine whether law enforcement knew of his involvement or was investigating the death. Defendant provided Dockery with the apartment number of the victim. TFO Roach testified that due to the nature of the drugs involved—counterfeit pills containing Fentanyl—and Defendant's continued distribution of such counterfeit pills to users who are unaware of their counterfeit nature after the known overdose death of a consumer, Defendant poses a risk to the community. Moreover, Defendant has been supporting himself primarily through his drug transactions.

TFO Roach estimated the Bussell DTO is responsible for the distribution of approximately 3,000 Oxycodone pills per month and 2,000 (counterfeit) Adderall pills per month, which has been occurring for at least 18 months; TFO Roach testified this volume of pills constitutes in excess of 5 kilograms of Fentanyl in regard to the Oxycodone pills and 5 kilograms of methamphetamine in regard to the Adderall pills. Multiple text messages between Defendant and other co-defendants and co-conspirators reflected his active and voluntary participation in the distribution of narcotics on behalf of the Bussell DTO. Upon search of Defendant's home, Defendant was found to be in possession of two firearms (one loaded), Alprazolam pills, cocaine, marijuana, pure THC extract, psilocybin mushrooms, and Oxycodone pills (containing Fentanyl). Defendant also has prior criminal history, including charges for : (1) burglary of a vehicle; (2) possession of marijuana; (3) possession of marijuana (second instance); (4) driving while license invalid; and (5) possession of a controlled substance and possession of marijuana (third instance). While on probation for a previous crime, Defendant was engaged in the aforementioned drug trade. TFO Roach testified that another overdose death attributable to the Bussell DTO occurred within twenty-four hours prior to the instant detention hearing.

**Defendant's Evidence Fails to Rebut the Presumption.**

Defendant did not call any witnesses. The Court finds the testimony elicited on cross-examination insufficient to rebut the presumption.

**CONCLUSION:**

Based on the allegations in the indictment, the evidence presented at Hearing, and the information in the Pretrial Services Report, the Court concludes as follows:

(1)   The Indictment charges and evidence presented establishes that there is probable cause that Defendant committed the offenses with which he is charged, in violation of Titles 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, 21 U.S.C. § 846, and 18 U.S.C. 924(c).

(2)   Pursuant to 18 U.S.C. § 3142(e)(3)(A), a rebuttable presumption exists that no condition

or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987) (holding the presumption was properly applied to defendant upon proof that he had been indicted).

(3) In addition to the presumption, the very nature of drug offenses constitutes a danger to the community, which may justify pretrial detention. *United States v. Morales*, No. 4:11CR3, 2011 WL 3651355, at *3 (E.D. Tex. Aug. 19, 2011) (citing *United States v. Royal,* 759 F. Supp. 1238 (E.D. Tex. 1990)); *see also United States v. Morris*, 608 F. App'x 299 (5th Cir. 2015) (citing *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985)); *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015); *United States v. Alvarado*, No. 2:17-CR-112-D, 2017 WL 5467686, at *3 (N.D. Tex. Nov. 14, 2017) ("In making its ultimate determination, 'the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.'"); *United States v. Anderson*, No. 3:14-CR-210, 2014 WL 2764747, at *4 (N.D. Tex. June 18, 2014) ("The risk of continued narcotics trafficking on bail constitutes a risk to the community.")

(4) Defendant has not rebutted the presumption that there is no condition or combination of conditions on which Defendant could be released that would reasonably assure that Defendant would not pose a danger to the community and/or that would reasonably assure his appearance at trial.

(5) Defendant is therefore ordered detained pending trial.